United States District Court
Southern District of Texas
**ENTERED**
February 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO PEREZ CRUZ, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:25-cv-05936 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Armando Perez Cruz is a citizen of Mexico who entered the United States without inspection in 2000. Dkt 1 at ¶¶18, 56. He was taken into custody by Immigration and Customs Enforcement on September 24, 2025. Id at ¶18. He remains in custody at the Joe Corley Processing Center in Conroe, Texas. Id at ¶61. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges his detention under (i) the Immigration and Nationality Act and his alleged membership in the class purportedly certified in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), (ii) bond regulations, and (iii) the Due Process Clause of the Fifth Amendment. See id at ¶¶69–88.

The Government filed a motion for summary judgment in response. Dkt 12. It contends that Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 9.

*As to the INA claim and request for relief pursuant to Bautista v Santacruz*, this action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex). See Dkt 4 at 1. The construction given 8 USC §§1225 and 1226 in that case controls here and forecloses Petitioner's INA claim. The undersigned has also determined that the order in *Bautista*, purporting to certify a nationwide class, far exceeded the jurisdiction of the Central District of California. See Dkt 4 at 2; see also *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J). That order also remains on appeal in the Ninth Circuit and is, at least in that sense, not entitled to preclusive effect here. Notably, the issue of construction as between §§1225 and 1226 is also presently on appeal before the Fifth Circuit, as discussed below. Nothing suggests that it will believe itself somehow bound by the determination of a district court in California. In short, nothing about the *Bautista* order binds this Court or requires adoption of Petitioner's reading of the INA.

*As to the bond regulation claim*, it is also foreclosed by this construction. Petitioner points to language in regulations stating, "Despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens, 62 Fed Reg 10312, 10323 (1997); see Dkt 1 at ¶80, citing same. To the extent that this or other regulations contradict the plain text of §1225(b)(2)(A), the statute governs because "a valid statute always prevails over a conflicting regulation." *Duarte v Mayorkas*, 27 F4th 1044, 1060 n 13 (5th Cir 2022) (citation omitted).

Petitioner also alleges violations of 8 CFR §§236.1, 1236.1, and 1003.19. See Dkt 1 at ¶82. But these arguments rise and fall with his INA claim because the cited bond regulations apply only where detention is discretionary under §1226(a), not where detention is mandatory under §1225(b)(2)(A). See 8 CFR §1003.19(a): "Custody and bond determinations made by the service

2

pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236." See also *Jennings v Rodriguez*, 583 US 281, 306 (2018): "Federal regulations provide that aliens detained under §1226(a) receive bond hearings at the outset of detention. See 8 CFR §§236.1(d)(1), 1236.1(d)(1)." Because Petitioner is subject to mandatory detention under §1225(b)(2)(A), those regulations aren't applicable here.

*As to the due process claim*, the Supreme Court has stated, "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. Petitioner's detention thus doesn't violate due process.

The motion for summary judgment will be granted, and the petition for writ of *habeas corpus* will be denied. Dkts 1 (petition) & 12 (motion).

\* \* \*

In so concluding, respectful acknowledgement is given to the six other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case and determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). One other judge in the Houston Division has determined in favor of §1225. See *Villeda Cabriales v Noem*, 4:25-cv-04908 (SD Tex, Jan 22, 2026) (Lake, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903

3

(SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that the Fifth Circuit has granted a motion to consider this issue on an expedited basis. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J), Dkt 80-2 at 2; see also *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division), Dkt 83-2 at 2.

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or he may initiate a separate petition.

*   *   *

The motion by the Government for summary judgment is GRANTED. Dkt 12.

The petition for writ of *habeas corpus* by Petitioner Armando Perez Cruz is DENIED. Dkt 1.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on January 30, 2026, at Houston, Texas.

*CREskridge*
Honorable Charles Eskridge
United States District Judge

4